
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-395

| | | |
|---|---|---|
| | | **Opinion Delivered** September 24, 2014 |
| KRYSTA DAWSON | | |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| V. | | FORT SMITH DISTRICT [NO. JV-2012-732] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | | |
| | APPELLEE | HONORABLE JIM D. SPEARS, JUDGE |
| | | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BILL H. WALMSLEY, Judge

Appellant Krysta Dawson appeals the termination of her parental rights to her children B.D. and J.A. Appellant's counsel has filed a no-merit brief and a motion to withdraw, alleging that there are no meritorious grounds for appeal. We affirm the termination and grant the motion to withdraw.

DHS filed a petition for emergency custody and dependency-neglect on December 10, 2012, for B.D. (dob 3/23/2011) and J.A. (dob 4/24/2012). DHS had received information from the Fort Smith Police Department regarding appellant's arrest for probation violations. DHS learned that in November 2009, appellant was living in Tulsa County, Oklahoma, and was married to Daniel Dawson. Appellant left the couple's two sons, D.D. (dob 3/28/2008) and J.D. (dob 2/6/2009), unattended in a bathtub, and J.D. drowned. Appellant was charged with second-degree manslaughter and child neglect, and she pled no contest to both charges

in May 2010. She was sentenced to a suspended sentence of four years for the manslaughter conviction and was placed on a deferred sentence for four years on the child-neglect charge. On July 30, 2012, a violation report was filed against appellant in Tulsa County alleging that she had changed her address without notifying the district attorney's office, which had been unable to contact her, and had failed to pay court costs, fines, and probation fees.

Appellant was being held at the Sebastian County Detention Center awaiting extradition to Oklahoma, and B.D. and J.A. were brought into care due to the lack of a legal caretaker. Because appellant was still married to Daniel Dawson despite separating from him in 2010, he was the legal father of both B.D. and J.A. However, Joey Asher was the putative father of B.D., and Benjamin Ammons was the putative father of J.A. D.D. was in the custody of Oklahoma DHS, but he was on a trial home placement with his father in Georgia.

A probable-cause hearing was held on December 17, 2012. The court took notice that a paternity order had been entered in the Sebastian County Circuit Court declaring Benjamin Ammons the father of J.A. The court authorized a trial home placement of J.A. to begin with Ammons pending approval of his home. Appellant was still awaiting extradition.

At the adjudication hearing on February 11, 2013, the children were adjudicated dependent-neglected by reason of parental unfitness. J.A. was placed in the custody of Ammons. The concurrent goals of the case were reunification, permanent custody with a relative, and adoption. Appellant was ordered to obtain and maintain stable and appropriate housing, income, and transportation; complete parenting classes; submit to random drug screens; and resolve her criminal charges.

At the review hearing on July 15, 2013, appellant was reported to be in a Tulsa County jail awaiting transfer to prison. Appellant's Oklahoma court records showed that on March 27, 2013, an order was entered revoking her suspended sentence for violation of rules and conditions. She was sentenced to four years' imprisonment. The court found that both children had been abandoned by their legal father, Daniel Dawson, and B.D. had been abandoned by her putative father, Joey Asher. DHS subsequently filed a petition to terminate appellant's parental rights, alleging six grounds for termination.

The termination hearing was held on December 2, 2013. Appellant was incarcerated in Oklahoma and had informed her attorney that she thought she would be released in February. DHS argued that they believed she would have to serve 85% of her four–year sentence. Amanda Turpin, the family's DHS caseworker, testified that J.A. was in the custody of his father and that B.D. was in foster care but was placed with relatives who wanted to adopt her. Turpin said she was adoptable. Turpin testified that even if appellant was not incarcerated, the children would be at risk of harm if returned to her based on the manslaughter conviction. The trial court terminated parental rights on the six grounds alleged by DHS, including that the parent was found by a court to have committed manslaughter of a juvenile. Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*1*).

Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), appellant's attorney has filed a no-merit brief asserting that there are no issues that would support a meritorious appeal and a motion to withdraw as counsel. Counsel notes that the only adverse ruling made in the case

was the decision to terminate appellant's parental rights. We agree with counsel that there was sufficient evidence that termination was in the children's best interest and that at least one statutory ground for termination was proved. Counsel has complied with our requirements for no-merit briefs and there is no meritorious argument to be made on appeal. Thus, we affirm the termination and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

PITTMAN and HIXSON, JJ., agree.

*Elizabeth J. Finocchi*, Arkansas Public Defender Commission, for appellant.

No response.